**In re MARDEN.**

**Patent Appeal No. 2631.**

Court of Customs and Patent Appeals.
March 25, 1931.

See, also, 47 F.(2d) 958.

Max F. Reges, of Bloomfield, N. J. (Raymond Jones, of Washington, D. C., of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GRAHAM, Presiding Judge.

The appellant has appealed from a decision of the Board of Appeals, rejecting his claims 18 to 32, inclusive, of his application for a patent upon processes of manufacture of, and products of, uranium. The rejected claims are product claims, the appellant having been allowed, in the Patent Office, certain process claims in his application, and which are said to fully cover the process by which his product is obtained. The appellant states that claims 18, 22, 26, 29, 30, and 32 are typical, and they are here given:

"18. As a new article, ductile uranium.

"22. Uranium in wire form.

"26. A filamentary body of ductile uranium.

"29. An electrode of ductile uranium.

"30. A cathode of ductile uranium.

"32. A target of ductile uranium."

The Board of Appeals rejected the claims on the reference Liebmann, No. 1,111,698, of September 22, 1914, and upon the authority of General Electric Co. v. De Forest Radio Co. (C. C. A.) 28 F.(2d) 641, 643.

We are of opinion the rejection of these claims was properly made.

Uranium is a product of nature, and the appellant is not entitled to a patent on the same, or upon any of the inherent natural qualities of that metal. Uranium was discovered in 1789 by Klaproth, in experimenting with pitchblende. Its qualities have been well known for many years. Watts Dictionary of Chemistry, published in 1907, volume IV, page 821, states that uranium is "A lustrous, hard, silver-white metal" and that it "is somewhat malleable." Thorpe's Dictionary of Applied Chemistry, published in 1905, volume III, page 893, states that uranium is "malleable and silver white, resembling nickel in colour." Malleability is, in some instances, as defined by Webster, synonymous with ductility. There is, therefore, nothing new and no invention in the product of ductile uranium.

Nor can there be said to be anything inventive in uranium wire, or in an electrode, cathode, or target made of this metal. It is not claimed that these are new articles, not known to the art. The case of General Elec-

tric Co. v. De Forest Radio Co., supra, involved similar claims, the metal in that case being tungsten. The claims there were substantially as here, as, for instance, claims 24 and 26, which were as follows:

"24. A wire formed of ductile tungsten.

"26. Substantially pure tungsten having ductility and high tensile strength."

The Circuit Court of Appeals of the Third Circuit found, as we are here finding, that the applicant was not entitled to a patent upon a product of nature, or upon one of its qualities, and that a tungsten wire was an obvious use to be made of tungsten., The same may be said of an electrode, a cathode, or a target, all of which are well known in the arts to which they belong.

In this connection reference is hereby had to In re Marden et al., 47 F.(2d) 958, 18 C. P. A. ——.

What we have said renders it unnecessary to discuss the Liebmann reference. However, it may be said that this reference discloses that the patentee, in 1914, obtained a process patent upon ductile high fusing metals, among which was enumerated uranium. A good deal of discussion has arisen in this case as to whether the process disclosed by Liebmann in said patent is operable when applied to uranium. That question becomes immaterial, in view of what we have heretofore said.

The decision of the Board of Appeals is affirmed.

Affirmed.