### In re MARDEN et al.
### Patent Appeal No. 2633.

Court of Customs and Patent Appeals.
March 31, 1931.

Max F. Reges, of Bloomfield, N. J. (Raymond Jones, of Washington, D. C., of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Board of Appeals affirming the decision of the Primary Examiner rejecting claims 31 to 46, inclusive, in appellants' application for a patent for an alleged invention relating to a "mass of thorium, which is substantially pure, coherent and homogeneous," wire, filaments, and electrodes formed of ductile thorium.

Claims 32, 38, 42, and 46 are illustrative. They read:

"32. A mass of thorium which is substantially pure, coherent and homogeneous."

"38. A wire formed of ductile thorium."

"42. A filament of ductile thorium."

"46. An electrode of ductile thorium."

The references are: Von Bolton, 927,935, July 13, 1909; Arsem, 1,085,098, January 27, 1914; Kuzel, 1,088,909, March 3, 1914; Langmuir, 1,244,216, October 23, 1917.

Appellants' application also disclosed and claimed a process for producing ductile thorium. However, the process claims were allowed by the Primary Examiner, and are not involved in this appeal.

The patent to Von Bolton relates to a method for the manufacture of filaments of highly refractory metals, including thorium, for electric lamps. In the specification, thorium metal was described as an "exceedingly easily ductile metal having a very high melting point and one which can be worked up mechanically in this manner."

The patent to Arsem relates to the production of pure thorium and the use thereof in the manufacture of filaments for incandescent lamps. In his specification, the patentee described a process for the production of metallic thorium free from impurities and in a condition suitable to be hammered and drawn, or otherwise manipulated, into lamp filaments and wire. A process for obtaining "pure, malleable, ductile, metallic thorium" was described in claim 8 of the patent.

The patent to Kuzel relates to a method for obtaining substantially pure metals from their compounds and oxids. Thorium is named as one of the metals produced by the patentee's process.

The patent to Langmuir relates to an electron discharge apparatus and "method of preparation," and discloses the use of metallic thorium as cathode material.

Counsel for appellants contended before the tribunals below, and contends here, that it has been established by the affidavit of John W. Marden, one of the appellants, that the processes described in the Von Bolton, Arsem, and Kuzel references are inoperative, and will not produce ductile thorium.

The tribunals below discussed the references and held that the products claimed by appellants were old and were fully disclosed in the references.

The Primary Examiner cited the case of In re Decker, 36 App. D. C. 104, in which it was held that, where a product is clearly described in a patent, the operativeness of the process by which the patentee claimed the product could be produced was immaterial, and that the patent was a proper reference for the product therein disclosed.

The Board of Appeals did not refer in its decision to the case of In re Decker, supra, or the principles therein announced, but cited the case of the General Electric Co. v. DeForest Radio Co. et al., 28 F.(2d) 641, in which it was held by the Circuit Court of Appeals, Third Circuit, that a patent awarded for a "product of nature" is invalid. Reference may also be had to the decisions in In re Marden, 47 F.(2d) 957, 18 C. C. P. A. ——, and In re Marden & Rich, 47 F.(2d) 958, 18 C. C. P. A. ——.

In the case of Cohn v. United States Corset Co., 93 U. S. 366, 377, 23 L. Ed. 907, the Supreme Court said:

"It is quite immaterial (even if it be a fact) that the Johnson specification is insufficient to teach a manufacturer how to make the patented corset. It is enough if it sufficiently describes the corset itself. Neither it nor the plaintiff's specification exhibits the process of making. Neither of them set up a claim for a process. The plaintiff claims a manufacture, not a mode of making it; and the important inquiry, therefore is, whether the prior publication described the article. To defeat a party suing for an infringement, it is sufficient to plead and prove that the thing patented to him had been patented or described in some printed publication prior to his supposed invention or discovery thereof. Rev. Stat. § 4920 [35 USCA § 69]. What is required is a description of the thing patented, not of the steps necessarily antecedent to its production."

Ductile thorium and the products produced therefrom and claimed in appellants' application were clearly and adequately described in the references of record. Accordingly, in view of the decisions hereinbefore referred to, the question of the operativeness of the methods disclosed in the references is not involved in a determination of the issue of the patentability of the subject-matter of the involved claims.

We are in accord with the conclusion reached by the tribunals of the Patent Office, and the decision of the Board of Appeals is affirmed.

Affirmed.